UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COALITION FOR NEVADA'S FUTURE, a Nevada Political Action Committee,<br><br>Plaintiff<br><br>v.<br><br>CHARLES MUTH, an individual; BARBARA CEGAVSKE, in her official capacity as the Nevada Secretary of State,<br><br>Defendants | Case No.: 2:15-cv-01749-JAD-GWF<br><br>**Order Granting Plaintiff's Motion to Remand [ECF 9], Denying Plaintiff's Motion for an Award of Costs and Attorney's Fees [ECF 9], and Denying Defendant Muth's Motion to Dismiss [ECF 5] and Motion to Vacate and Set Aside State Court Judgment [ECF 17] as Moot** |

The impetus for this action is the referendum petition that Charles Muth filed with the Nevada Secretary of State on behalf of the We Decide Coalition in August 2015.[1] The Coalition for Nevada's Future (CNF)[2] timely filed a complaint challenging Muth's referendum petition under NRS § 295.061 in the First Judicial District Court in Carson City, Nevada.[3] Muth then filed a petition under 28 U.S.C. § 1441 to remove CNF's state-court action to federal court, arguing that federal-question jurisdiction exists because the Nevada statutes that CNF invokes to challenge the referendum petition violate Muth's rights to due process and free speech.[4] Muth has since filed a motion to dismiss this action under FRCP 12(b),[5] and a motion to vacate and set aside the judgment that the state court entered after Muth filed his petition for removal.[6]

---

[1] ECF 1-1 at 10–59.

[2] CNF is a Nevada political-action committee. *See* ECF 1-1 at 2 ¶ 1.

[3] ECF 1-1.

[4] ECF 1 at 1–2.

[5] ECF 5.

[6] ECF 17.

1

Bookended by Muth's motions is CNF's motion to remand,[7] which defendant Barbara Cegavske joins.[8] CNF argues that removal was improper because the parties are not diverse, the complaint does not allege any cause of action arising under federal law, and Muth's federal-law defenses do not trigger federal-question jurisdiction.[9] Thus, CNF requests an order remanding this action back to the First Judicial District Court and awarding CNF the costs and attorney's fees it incurred as a result of the improper removal.[10]

Tacitly acknowledging the merits of CNF's motion, Muth responds that this action could have been filed in federal court if CNF had asserted a claim arising under federal law.[11] And he argues that an award of costs or attorney's fees is not warranted because he filed the petition for removal in good faith, not in an effort to delay a hearing before the state court.[12]

Removal of this action from the state court was improper: there is no evidence that the parties are diverse, the four corners of CNF's complaint shows that this action is based solely on Nevada law, and Muth's federal-law defenses are not sufficient to create federal-question jurisdiction. Therefore, I grant the portion of CNF's motion seeking to remand this action back to the First Judicial District Court, but I decline to award CNF costs or attorney's fees because the purposes for awarding them under 28 U.S.C. § 1447(c) will not be served under these circumstances. And because I do not have subject-matter jurisdiction, I deny as moot Muth's motion to dismiss and motion to vacate and set aside the state court's judgment.

---

[7] ECF 9.

[8] ECF 15. Barbara Cegavske, sued in her official capacity as Secretary of the State of Nevada, did not join in or express an opinion regarding CNF's request for an award of costs and attorney's fees.

[9] ECF 9 at 5–7.

[10] ECF 9 at 8–11.

[11] ECF 19 at 3:2–6.

[12] ECF 19 at 5–6.

2

## Discussion

**A.   Subject-matter jurisdiction is lacking.**

"The general removal statute, 28 U.S.C. § 1441(a)," allows defendants to remove state-court actions that "originally could have been brought in federal court."[13] Under 28 U.S.C. § 1331, district courts have original jurisdiction over "'civil actions arising under the Constitution, laws, or treaties of the United States.'"[14] "Under the canonical well-pleaded complaint rule, 'a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"[15] A defense that raises a federal question is not sufficient to create federal-question jurisdiction.[16] "'If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case.'"[17]

There are two fatal defects with Muth's assertion that I have jurisdiction over this case under 28 U.S.C. § 1331. The first is that nothing in CNF's well-pleaded complaint shows that either of its two claims is based on federal law. CNF's first claim seeks declaratory and injunctive relief for alleged violations of NRS § 295.009(1)(a),[18] which requires a referendum petition to "[e]mbrace but one subject and matters necessarily connected therewith and pertaining thereto." And CNF's second claim seeks declaratory and injunctive relief for alleged violations of NRS § 295.009(1)(b),[19] which requires the referendum petition to "[s]et forth, in not more than 200 words, a description of the

---

[13] *Hawaii ex rel. v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *accord Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[14] *Hawaii ex rel.*, 761 F.3d at 1034 (quoting 28 U.S.C. § 1331).

[15] *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)) (internal quotations omitted).

[16] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[17] *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting *ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

[18] ECF 1-1 at 6.

[19] ECF 1-1 at 7.

effect of the initiative or referendum [it] is approved by the voters." Thus, CNF's claims are based solely on Nevada statutory law. That law, moreover, provides the exclusive method for challenging whether NRS § 295.009(1)(a) or (b)'s requirements have been met: "by filing a complaint in the First Judicial District Court" within a certain time after the petition is placed on file with the Nevada Secretary of State.[20] CNF followed this required procedure.

The second defect is that Muth's argument—that I have jurisdiction regardless because his defense[21] is that the Nevada statues that CNF invokes to challenge Muth's referendum petition violate his due process and free speech rights[22]—is without merit. It has long been clear that a federal-law defense is not sufficient to create original jurisdiction under 28 U.S.C. § 1331.[23] As I do not have jurisdiction over the subject matter of this action, I grant CNF's motion to remand, and I deny Muth's pending motion to dismiss this action[24] and motion to vacate and set aside the state court's declaratory and injunctive relief order as moot.[25]

**B.  An award of costs or attorney's fees is not warranted.**

CNF seeks an award of costs and attorney's fees under 28 U.S.C. § 1447(c).[26] The purpose of awarding attorney's fees and costs under § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress'

---

[20] NEV. REV. STAT. § 295.061(1).

[21] *Cf. Pest Comm. v. Miller*, 626 F.3d 1097, 1099 (9th Cir. 2010) (finding constitutional the Nevada statute that CNF's claims arise under (NRS § 295.009)).

[22] ECF 1 at 2.

[23] *Merrell Dow*, 478 U.S. at 808.

[24] ECF 5.

[25] ECF 17.

[26] ECF 9 at 8–11. 28 U.S.C. § 1447(c) provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

4

basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[27] "[T]he standard for awarding fees [under § 1447(c)] should turn on the reasonableness of removal."[28] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[29] The objectively reasonable standard is applied "by looking to the clarity of the law at the time of removal."[30]

That jurisdiction is established "upon the face of the complaint, unaided by the answer or by the petition for removal" is a hoary rule of law[31] that has remained untarnished for over a century.[32] Because this point of law was clear when Muth filed his petition for removal in September 2015,[33] I am inclined to find that Muth lacked an objectively reasonable basis to remove this case. My analysis, however, is further informed by Muth's status as a pro se litigant and his basis for removing this action from state court.

The Ninth Circuit instructs that pro se litigants are to follow the rules of procedure that govern this court[34] and that courts should not treat them more favorably than represented parties in

---

[27] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

[28] *Id.* at 141.

[29] *Id.*

[30] *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

[31] This rule embodies both the well-pleaded complaint and the federal-defense-insufficiency concept.

[32] *Gully v. First Nat. Bank*, 299 U.S. 109, 112–13 (1936) (collecting cases); *see also Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (discussing that a federal-law defense is not sufficient to create federal-question jurisdiction); *Merrell Dow*, 478 U.S. at 808 (same).

[33] ECF 1.

[34] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

civil actions.[35]  But the Ninth Circuit has recognized, at least in the context of Rule 11 sanctions, that "what is objectively reasonable for a pro se litigant and for an attorney may not be the same."[36]  Consistent with this recognition, some district courts in this circuit have found that the rule that a federal-law defense is not sufficient to create federal-question jurisdiction "is not intuitively obvious to a pro se litigant."[37]  I, too, perceive that the legal concept that a *state* court can rule on a question of *federal* constitutionality, i.e., that a defense raising federal-constitutional concerns does not give rise to federal-question jurisdiction, is not intuitively obvious to persons who are not steeped in the doctrines governing federal subject-matter jurisdiction.  Moreover, CNF's state court proceeding continued in spite of Muth's remand petition, and concluded with an order granting declaratory and injunctive relief in CNF's favor.[38]  In light of these circumstances, I decline to grant CNF an award of costs or attorney's fees.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CNF's motion to remand **[ECF 9]** is **GRANTED in part**—CNF's request to remand this action back to the state court is **GRANTED**: the Clerk of Court is instructed to remand this case back to the First Judicial District Court in Carson City, Nevada, Case No. 15 OC 00196 1B, Dept I.  The motion is also **DENIED in part**: CNF's request for an award of costs and attorney's fees is **DENIED.**

---

[35] *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[36] *Bus. Guides, Inc. v. Chromatic Comm. Enter., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989).

[37] *Aurora Loan Servs, LLC v. John*, Case No. C-11-5585 EMC, 2012 WL 132144 (N.D. Cal. Apr. 3, 2012) (unpublished) (citation omitted); *Onewest Bank, FSB v. Sanchez*, Case No. C-10-00936 SI, 2010 WL 3076256 (N.D. Cal. Aug. 5, 2010) (unpublished).

[38] *See* ECF 22 at 8–24.

IT IS FURTHER ORDERED that Muth's motion to dismiss this action under FRCP 12(b) **[ECF 5]** and motion to vacate and set aside the state court's judgment **[ECF 17]** are **DENIED** as moot.

**The Clerk of Court is instructed to close this case**.

Dated this 21st day of December, 2015.

_____
Jennifer A. Dorsey
United States District Judge